Bartley, J.
Tho following alleged errors are relied on as ground for the reversal of tho judgment:
1. That the court overruled the motion of the plaintiff in error, to compel the attorney for tho state to elect upon which of the charges in the indictment ho would proceed.
2. That the indictment is bad for repugnancy, on the ground that the term a false, forged, and counterfeited, as applied to spurious paper, are inconsistent.
3. That the indictment contained a misjoinder of offenses, one of the counts being for an offense under section 22, and tho others •under section 29 of tho statute.
4. That the verdict was not a general verdict of guilty,but a special verdict, inasmuch as it found against the plaintiff in error, upon each of tho first five counts, and for him on tho two last counts of the indictment, and that, the two first counts being fatally defective, the court erred in refusing to arrest tho judgment.
*Of these in their order :
1. When an indictment charges two or more distinct offenses, differing in their nature, or arising out of distinct and different transactions, the court may compel the prosecutor to elect upon which charge he will proceed. But such election will not be required to bo made, whore the several charges in the indictment relate to the same transaction, or are simple variations or modifications of the same charge, with a view of meeting the proof. The exercise of this authority, however, to compel tho prosecutor to-make the election, rests in the sound discretion of the court. And where an act, or an omission to act, rests in the discretion of the court, it can not lay any foundation for a writ of error.
2. The second assignment of error, which is founded on a supposed repugnancy in the terms used as descriptive of the spurious paper, presents a question which was directly settled in tho case of Stoughton & Hudson v. The State of Ohio, 2 Ohio St. 563, against *443 the position of the plaintiff in error, in this case. And we see no reason to disturb that decision.
3. Was the indictment bad for misjoinder of offenses? It appears to be settled, that different and distinct offenses of kindred character, may be charged in separate counts in the same indictment. This was held in the case of Barton v. The State, 18 Ohio, 221, where the accused was charged in one count with horse stealing, and in another count with grand larceny of other property; crimes under different sections of the same statute. And the same doctrine seems to have been recognized in Wilson v. The State, 20 Ohio, 26, in which’ the party was charged with “ an assault with intent to commit a murder ” in one count, and in another count with “ shooting with intent to kill.” In Massachusetts, it is said to be the practice to join counts for distinct felonies, when framed under different sections of the same statute: Com. v. Hope, 22 Pick. 1. And in Tennessee, it seems, that the joinder of several distinct felonies Of the same degree, although committed at different times, was no Aground of demurrer or arrest of judgment: Cash v. The State, 10 Humph. 111. The limit to the rule, however, allowing distinct offenses to be joined in the same indictment, has not been defined by the adjudications on the subject, with that degree of precision and certainty which is desirable. In this state, it would seem to have been limited chiefly, either to offenses arising out of and connected with the same transaction, such as burglary and larceny, or horse stealing committed at the time of a larceny of a buggy or other property, or the uttering and publishing of counterfeit bank notos together with §, forged promissory note, etc.; or to offenses connected by the same subject-matter, such as the making of counterfeit and spurious paper, and the uttering and publishing the same, etc. In any view of the subject, however, it requires no enlargement Of the rule, to show that there was no misjoinder in this case.
4. Conceding that the first, second, and fourth counts of the indictment were fatally defective, did the court below err in rendering judgment on the verdict? No objection to the verdict can arise from the acquittal, on the sixth and seventh counts. Where an indictment contains numerous counts, there may be a verdict of not guilty as to one or more counts, and a general verdict of guilty as to the several remaining counts. And this is not what is technically termed a special verdict. A general verdict of guilty in manner *444 and form as the defendant stands charged in the indictment, is a finding of the defendant guilty upon each of the several counts of the indictment; and the verdict would not bo any more specific if the several counts were specified in the verdict by their numbers. The verdict, therefore, of guilty on the first, second, third, fourth, and fifth counts of the indictment, in this case, is equivalent to a general verdict of guilty on the five first counts. A practice has prevailed both in England and in this country, where there has been a general verdict of guilty on an indictment containing several counts, some bad and some good, to pass judgment on the counts *that are good; and a judgment and sentence generally, on •such a verdict, is held not to be erroneous, as the presumption of law will be that the court awarded judgment on the good counts, providing the judgment and sentence be such as is warranted by the laws applicable to the offense charged in the good counts. It is true, this practice has been somewhat disturbed in England, by the late decision of the house of lords, in O’Connell’s case, 11 Clark & Fin. 15, wherein the judgment of the court of queen’s bench of Ireland, on an indictment containing some good and some bad •counts, was reversed because the judgment was entered generally •on the verdict, instead of being entered severally on the good counts. 'The facts, however, that this decision was made under the influence ■of high political excitement, and carried by a bare majority, lord Lyndhurst and lord Brougham with others dissenting, have so far •weakened its authority that it has not been allowed to shake a prac■tice which had obtained very generally, and with but little variation, in the American courts. And even in England, as it would ¡seem, it has not been quietly acquiesced in. Irvine v. Douglass, 3 Eng. 23.
It has been held, that an exception to this rule prevails in Yir¡ginia, in cases punishable by imprisonment in the penitentiary, inasmuch as the evidence applicable to the bad counts may aggravate the punishment imposed by the verdict; where the jury is authorized to ascertain the term of the imprisonment. Mowbray v. Com., 11 Leigh, 643. But the Supreme Court of Massachusetts, in Kite v. Com., 2 Metcalf, 581, adjudged, that where an indictment •charged a burglary in one count, and a larceny, on the same day, in .another count, and a general verdict of guilty was returned, the judgment, whether the sentence was proper for burglary only, or for burglary and larceny, could not be reversed on error, because the *445, 446 record did not show whether one offense only, or two offenses, had been proven on the trial, on the ground that the sentence will be presumed to have been according to the law that was applicable to the facts proven.
*In the case before us, the j udgment and sentence of the court would have been proper under either the third or the fifth count of the indictment, the sufficiency of either of which is unquestioned. Inasmuch, therefore, as the verdict was equivalent to a general verdict of guilty on the five first counts of the indictment, and the sentence was warranted by the law applicable to the offense charged in the good counts, the presumption of the law prevails that the court awarded judgment on the good counts.

The judgment of the common pleas affirmed.